McGREGOR W. SCOTT
United States Attorney
ROBIN R. TAYLOR
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2722

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-S-06-472-EJG |
| ) | |
| Plaintiff, ) | PRELIMINARY ORDER OF |
| ) | FORFEITURE |
| v. ) | |
| ) | |
| LEONARDO MORALES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Leonardo Morales, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 2320(b)(1), defendant Leonardo Morales' interest in the following properties shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a.    Approximately 86 handbags (Gucci, Chloe, Kate Spade, Burberry, Christian Dior, Dooney & Burke, Prada, Fendi, Channel and Coach);

    b.    Approximately 13 wallets (Gucci, Prada, Christian Dior, Louis Vutton and Coach);

    c.    Approximately 10 belts (Louis Vuitton, Fendi and Gucci);

1

    d.    Approximately 30 scarfs (Louis Vuitton, Prada, Fendi, Coach, Christian Dior, Chanel, Burberry and Gucci);

    e.    Approximately 5 umbrellas (Fendi, Louis Vuitton, Gucci, and Burberry);

    f.    Approximately 4 ties (Burberry and Vorsace);

    g.    Approximately 246 sunglasses (Vorsace, Oakley, Coach, Prada, Louis Vuitton, Ray Ban, Gucci, Baby Phat, Chanel, BeBe, Christian Dior, and Armani);

    h.    Approximately 4 pair of shoes (Louis Vuitton);

    i.    Approximately 38 hats (BeBe, Gucci, Baby Phat, Christian Dior, Coach, and Burberry);

    j.    Approximately 45 watches (Breitling, Rolex, Cartier, Geneva, Tag Heuer, Gucci, Movado); and

    k.    Approximately 39 pieces if jewelry (Tiffany, Chanel, and Louis Vuitton).

2. The above-listed properties constitute articles bearing or consisting of a counterfeit mark used in the commission of a violation of 18 U.S.C. § 2320(a) or was property used, in any manner or part, to commit or to facilitate a commission of a violation of 18 U.S.C. § 2320(a). Pursuant to 18 U.S.C. § 2320(b)(3)(B), the Court shall order that any forfeited article or component of an article bearing or consisting of a counterfeit mark be destroyed.

3. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described properties. The aforementioned properties shall be seized and held by the Department of Homeland Security, Customs and Border Protection, in its secure custody and control.

4. a. Pursuant 18 U.S.C. § 2320(b)(3)(B) incorporating 21 U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks

1 in the <u>Mountain Democrat</u> (El Dorado County), a newspaper of
2 general circulation located in the county in which the above-
3 described properties were seized, notice of this Order, notice of
4 the Attorney General or Secretary of the Department of Homeland
5 Security's intent to dispose of the properties in such manner as
6 the Attorney General or Secretary may direct, and notice that any
7 person, other than the defendant, having or claiming a legal
8 interest in the above-listed forfeited properties must file a
9 petition with the Court within thirty (30) days of the final
10 publication of the notice or of receipt of actual notice,
11 whichever is earlier.
12          b.   This notice shall state that the petition shall be
13 for a hearing to adjudicate the validity of the petitioner's
14 alleged interest in the properties, shall be signed by the
15 petitioner under penalty of perjury, and shall set forth the
16 nature and extent of the petitioner's right, title, or interest
17 in the forfeited properties and any additional facts supporting
18 the petitioner's claim and the relief sought.
19          c.   The United States may also, to the extent
20 practicable, provide direct written notice to any person known to
21 have alleged an interest in the properties that are the subject
22 of the Order of Forfeiture, as a substitute for published notice
23 as to those persons so notified.
24     5.   If a petition is timely filed, upon adjudication of all
25 third-party interests, if any, this Court will enter a Final
26 ///
27 ///
28 ///

Order of Forfeiture pursuant to 18 U.S.C. § 2320(b)(1), in which all interests will be addressed.

SO ORDERED this <u>16th</u> day of<u> August </u>, 2007.

<u>/s/ Edward J. Garcia</u>
EDWARD J. GARCIA
United States District Judge

4